By the Court.—Sedgwick, Ch. J.
The first exception argued by the learned counsel for the appellants, is to the exclusion of a question by defendants’ counsel, put to the witness, Lord : “ Do you remember the occasion when a conversation took place between the plaintiff and one of the defendants when Richmond Terminal Stock was about 45 ?
The important issue in the case was whether the plaintiff had given on November 16th a discretionary order to the defendants, to deal in the stock for the plaintiff as they saw fit. .
The counsel for defendants declared that the question was asked to prove that there had been a “previous fine of discretionary employment and agency.” This sufficiently shows that the question was not aimed at an interview of November 16tli. This is also shown by the price alluded to in the question, for on the 16th of November the stock was not about 45.
The learned judge was correct in holding that further evidence as to the orders given before the 16th of November would not tend to show that the order of the 16th of ¡November was of the kind claimed by defendants. The-defendants’ agent, Blanchard, had testified to the previous order, and had claimed them to he of a kind different from that of the 16th of November. The only discretion of those orders was to select a price about 45.
The next exception was to the exclusion by the court of a question asked of a witness, not a party to the action, “ Do you know whether he had acted upon your suggestion about this very stock or not?” The exclusion was correct. The time pointed at by the question, included transactions foreign to the issue. In *195 the absence of testimony as to the nature of the suggestion, the question did not appear to be relevant. If the question were asked and answered in conformity with the purpose of defendants, the answer would have been, “Yes,” and this would have been only a source of confusion to the jury.
Blanchard, defendants’ agent, was examined as a witness and recalled. Then he was asked, “ At any one of the interviews that you had with Dr. Carradine, on and after the 16th day of November, did he say anything about canceling any discretionary order which he had given you ? ” etc. The object of the question, as avowed on the appeal, was to show a tacit recognition of the discretionary order, by his omission to speak of it. The answer would have involved only an inference or argument, which the jury might have made as well, because the witness in his earlier examination had fully testified to the contents of all the interviews referred to in the question.
The next exception refers to the court ordering the defendants’ counsel to read a letter written by the agent of the defendants in the transaction, and which the defendants’ counsel had then called upon plaintiff’s counsel to produce, which had been then produced and perused by defendants’ counsel, but not offered in evidence.
Without considering the law on this subject in general, I am convinced that the particular circumstances show that the court’s action was correct.
In the first instance, the defendants had taken advantage of what they pretended were the contents of the letter, by examining the writer of it, orally, as to those contents. He testified as follows: “ On the Í5th I sent a note to the plaintiff’s residence, saying to him that the day before I had heard that Richmond Terminal stock was to be put considerably higher, by the pool manipulating it, and advised him in this note to buy in his short stock, which he was short of, and put it out *196 higher.” On cross-examination,- the counsel for the plaintiff offered this letter in evidence. The defendants’ counsel objected, on the ground that the contents of the letter were -immaterial and irrelevant. The court sustained the objection.
Afterwards the plaintiff was examined as a witness. The defendants’ counsel, on cross-examination, drew out a conversation in which the Avitness had referred to the letter, and that his attorney had it, and that in it the defendants’ agent had written that stocks were going up. The defendants’ counsel called for the letter and perused it, and against his objection,.was directed to read it as evidence, upon plaintiff’s counsel demanding that he should be so directed.
The defendants’ counsel had twice given oral evidence of the contents. He had learned the contents of the letter when he had objected to them as immaterial and irrelevant. That objection he, in substance, withdrew when he called for the oral contents from the plaintiff as a witness. Therefore when he demanded a production of the letter and took possession of it, he then placed himself upon the ground that the letter did contain material testimony. And in fact it did, although not favorable to the defendants. In my opinion, he could not withdraw from the ground he had taken, and was properly directed to give the primary evidence of what he had already given secondary evidence of. At all events, the defendants should not be permitted iioav to say that competent testimony as to their admission, contained in their own letter, was injurious to them as tending to prove what in reality were the facts of the case.
If the exception to the refusal of the court to allow the defendants to give in testimony, a memorandum Avhich they contended was of a discretionary order, were valid at the time, it cannot now be sustained on the case as made. For the contents of the memorandum do not appear. It cannot be affirmed that they directed *197 a discretionary order, and the appellate court cannot say that the appellant was aggrieved.
The judgment and the order appealed from should be affirmed with costs.
Freedman, J., concurred.